# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

February 2, 2017

*By the Court*[*]:

No. 15-3706

| | |
|---|---|
| GLENN PATRICK BRADFORD,<br>    *Petitioner-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | |
| | No. 2:13-cv-00410-JMS-WGH |
| RICHARD BROWN, Superintendent,<br>Wabash Valley Correctional Facility,<br>    *Respondent-Appellee*. | Jane E. Magnus-Stinson,<br>*Chief Judge*. |

**O R D E R**

On August 4, 2016, a divided panel of this court issued an opinion denying Glenn Patrick Bradford's petition for a writ of habeas corpus in conjunction with his state convictions on charges of murder and arson. See *Bradford v. Brown*, 831 F.3d 902 (7th Cir. 2016). Bradford filed a petition for rehearing en banc, which the court granted in an order dated October 27, 2016. That order also directed that "the panel's opinion and judgment are vacated." Oral argument was scheduled for November 30, 2016, but in an order dated November 22, 2016, the court vacated the argument. Information coming to the attention of a member of the court caused that judge to conclude that recusal was necessary and that the judge had been ineligible to vote on the petition for rehearing en banc. Taking into account that judge's recusal, the vote of the circuit judges in regular active service was evenly divided, and thus the necessary majority required by 28 U.S.C. § 46(c) for rehearing en banc was, and is, not present. We therefore vacate the order of October 27, 2016, and reinstate the panel's opinion.

---

[*] Judge Williams took no part in the consideration or decision of this matter.

Statement of HAMILTON, *Circuit Judge* with whom Chief Judge WOOD and Judge ROVNER join. Petitioner Bradford was convicted of murder but has come forward in state and federal courts with unusually strong evidence of his actual innocence. That evidence would have been available to him, the Indiana state courts ruled, if Bradford's attorney had taken a different approach to expert testimony concerning the fire in Tamara Lohr's home. *Bradford v. State*, 988 N.E.2d 1192, 1199–1200 (Ind. Ct. App. 2013) (affirming denial of post-conviction relief). Bradford obtained no relief in the state courts or in the United States District Court.

A divided panel affirmed. 831 F.3d 902 (7th Cir. 2016). I dissented, raising a challenge that remains unanswered: No witness, lawyer, or judge has offered a plausible theory as to how the fire in Lohr's home could have done so much damage in the short time available under the State's theory without leaving signs of much higher fire temperatures. All parties agree that such signs were not present. *Id*. at 910, 918–19 (Hamilton, J., dissenting).

The court's order today notes the unusual circumstances that led to this rare order vacating a grant of rehearing en banc. The rules governing judicial impartiality and recusal are important protections for the integrity of the judiciary and our decisions. Our compliance with those rules can come at a cost, and sometimes a high cost. Perhaps the circumstances here might lead the Supreme Court to take a close look at the case, knowing that rehearing en banc was granted but was then vacated for reasons not related to the merits.